UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KEVIN HEWITT DUKES**  CIVIL CASE NO.

**VERSUS**  25-750-SDD-EWD

**ALLY FINANCIAL, INC.**

## ORDER

On August 19, 2025, this case was removed from Louisiana state court by Ally Bank Corp.[1] ("Ally") on the basis of federal question subject matter jurisdiction.[2] In his state court Petition for Damages, Fraud on the Court, Consumer Rights Violations, and Request for Summary Judgment, Kevin H. Dukes ("Plaintiff"), who is representing himself, alleged that Ally violated the Fair Credit Reporting Act, 15 U.S.C. § 1681; the Truth in Lending Act, 15 U.S.C. § 1601; and Louisiana law. Plaintiff's claims arise out of an auto loan Plaintiff obtained from Ally, Ally's subsequent state court proceedings against Plaintiff attempting to seize the vehicle, and Ally's reporting of the judgment to credit bureaus.[3]

About a week after removal, Plaintiff filed a Verified Complaint for Damages, Injunctive and Declaratory Relief, and Motion for Summary Judgment ("Amended Complaint"). This first Amended Complaint asserts similar facts and claims, as well as

---

[1] In the Notice of Removal, Ally alleges that it is improperly named "Ally Financial Inc." by Plaintiff. R. Doc. 1, p. 1. Documents in the record of this case are referred to as "R. Doc. __."

[2] R. Doc. 1, ¶¶ 7, 11-12.

[3] R. Doc. 1-1, pp. 1-3. In this case, Dukes asserts similar claims against Ally to those he previously raised in *Kevin Dukes v. Acadiana Mazda, et al.*, Case No. 22-794 (M.D. La. Oct. 12, 2022), R. Doc. 1 (Complaint). Plaintiff's claims in that case were dismissed without prejudice upon the granting of Ally's Motion to Dismiss, and a Motion to Dismiss filed by its co-defendants, both of which were unopposed by Plaintiff. *See* R. Doc. 26 on that docket. Because of the similarities in the two cases, this case was re-assigned to the same judges pursuant to Local Civil Rule 3(b). R. Doc. 10.

several additional causes of action, *e.g.* violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *etc.*[4] Plaintiff's improperly combined Motion for Summary Judgment ("Motion"),[5] asserted as part of the first Amended Complaint, will be denied without prejudice at this time as procedurally defective and premature.[6] Procedurally, the Motion for Summary Judgment fails to comply with the requirements of Local Civil Rule 56, which requires a separate supporting statement of material facts that also contains record citations.[7] The Motion for Summary Judgment also fails to comply with Federal Rule of Civil Procedure 56(c) because Plaintiff fails to provide a record citation to his affidavit, the only purported evidence on which he relies in support of the Motion.[8]

---

[4] R. Doc. 7. Plaintiff was permitted to file the Amended Complaint without seeking leave of court because it was filed shortly after removal, and it is considered Plaintiff's one amendment as a matter of course under Fed. R. Civ. P. 15(a)(1)(A), in light of Plaintiff's *pro se* status. On September 23, 2025, Plaintiff filed yet another amended complaint, the "Amended Petition for Damages, Fraud on the Court, and Declaratory Relief," re-asserting many of the same facts and claims, which failed to seek leave of Court under Rule 15(a)(2) or Ally's consent under Local Civil Rule 7(e). R. Doc. 14. Ally responded to Plaintiff's second Amended Complaint with a Motion to Dismiss. R. Doc. 20. Plaintiff must seek leave of Court before filing additional amended complaints and must also seek Ally's consent before filing any motion to amend pleadings or to add parties, as required by Local Civil Rule 7(e). Plaintiff's failure to do so in the future will result the Court striking amended pleadings from the record without further notice.

[5] R. Doc. 7, p. 4 and R. Doc. 7-1 (memorandum in support of Motion). *See Montecino v. LeBlanc,* No. 18-711, 2019 WL 7040932, at *1 (M.D. La. Dec. 20, 2019) (adopting recommendation of the magistrate judge and dismissing motion for summary judgment without prejudice because it was prematurely filed before discovery was conducted and failed to comply with Local Civil Rule 56).

[6] Ally filed its Memorandum in Opposition to Plaintiff's Motion out of an abundance of caution, opposing the Motion on the same grounds. R. Doc. 13, p. 1.

[7] Local Civil Rule 56 provides, in pertinent part: "(b)(1) A motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, each set forth in separately numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be simply and directly stated in narrative without footnotes or tables and shall be supported by a record citation as required by subsection (f) of this rule…(f) An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." *See also* R. Doc. 13, pp. 2-3. However, Ally is incorrect in its assertion that Plaintiff failed to file a separate memorandum in support of the Motion. *See* R. Doc. 7-1.

[8] Rule 56(c) provides: "(c) Procedures. (1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

2

While the filings of *pro se* litigants are liberally construed, *pro se* litigants must still comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and the Court's Orders.[9]

Additionally, while Rule 56 of the Federal Rules of Civil Procedure permits the filing of summary judgment motions "at any time until 30 days after the close of discovery,"[10] Ally has not filed an answer to the Amended Complaint. Instead, in response to the Amended Complaint, Ally seeks dismissal of the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)[11] and has sought to stay discovery pending resolution of the Motion to Dismiss.[12] Because if granted, the Motion to Dismiss would end the lawsuit, the Court also canceled the scheduling conference and deferred entry of the scheduling order.[13] This Court has recognized:

> Courts have routinely found a motion for summary judgment filed before a defendant's answer to be premature. *See Kuperman v. ICF Int'l*, 2008 U.S. Dist. LEXIS 17290, 2008 WL 647557, at *1 (E.D. La. March 5, 2008) ("Even though the motion is technically timely under Rule 56, Courts are permitted to dismiss such a motion without prejudice if it is filed before any party answers."); *Dowl v. Prince*, 2011 U.S. Dist. LEXIS 64981, 2011 WL 2457684, at *1 (E.D. La. June 20, 2011) (court may deny a motion for summary judgment "if it is filed before any party answers"); *Watkins v. Monroe*, 2019 U.S. Dist. LEXIS 73290, 2019 WL 1869864, at *1 (E.D. Tex. March 27, 2019) (denying motion for summary judgment

---

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials…."

[9] *Perkins v. Advance Stores Co., Inc.,* No. 23-73, 2023 WL 2731033, at *1 (M.D. La. Mar. 30, 2023) ("While the Court understands that Plaintiff is representing himself, *pro se* litigants must still follow all applicable rules, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Court's Local Civil Rules.").

[10] Rule 56(b) provides: "(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."

[11] R. Doc. 20

[12] R. Doc. 22.

[13] R. Doc. 27. If the Motion to Dismiss is denied, Fed. R. Civ. P. 12(b)(4)(A) requires that Defendant must then answer the Amended Complaint within 14 days.

3

> without prejudice; summary judgment prematurely filed before defendant's answer); *Smith v. Citibank, N.A.*, 2019 U.S. Dist. LEXIS 149656, 2019 WL 4061705, at *1 (W.D. Tex. May 13, 2019) (motion for summary judgment filed before defendant had been served or answered was premature).[14]

Because Ally has not answered the Complaint and the parties have not engaged in any discovery, Plaintiff's Motion is premature.[15] Therefore, Plaintiff's Motion will be denied without prejudice. Plaintiff may refile a summary judgment motion after resolution of the Motion to Dismiss, after Ally has answered the lawsuit, and after the parties have engaged in discovery.

Finally, the docket reflects that Plaintiff has filed documents in the record that are not filed as exhibits to motions and without seeking leave of Court, *e.g.*, Plaintiff's "Judicial Notice of Facts, Statutes, and Records."[16] The Court docket is not a place to store evidence and now is not the appropriate time to attempt to present evidence to the Court. Plaintiff will have an opportunity to present evidence at the appropriate time, consistent with the appliable rules.[17] Currently, there are no properly pending motions that would

---

[14] *Wade v. La. State, Inc.*, No. 19-726, 2020 U.S. Dist. LEXIS 120068, *1-2 (M.D. La. July 9, 2020).

[15] *Wade*, 2020 U.S. Dist. LEXIS 120068 at *2 citing *Williams v. Dep't of Children & Family Servs.*, 2017 U.S. Dist. LEXIS 34315, 2017 WL 952004, at *1 (E.D. La. March 10, 2017) (denying without prejudice motion for summary judgment filed before defendant's answered and "presumably before discovery was exchanged"[…]); *Mack Energy Company v. Red Stick Energy, LLC*, 2019 WL 4887410, at *1 (W.D. La. Oct. 2, 2019) (summary judgment should not ordinarily be granted when discovery has not been completed or has just commenced).

[16] R. Doc. 8. *See also* Plaintiff's "Judicial Notice of Plaintiff's Unrebutted Affidavit of Truth and Fact." R. Doc. 18.

[17] *Perkins,* 2023 WL 2731033, at *1 citing, *e.g., Hayes v. Bruno*, No. 14-1203, 2015 WL 13642422, at *1 (D. Conn. Feb. 11, 2015) ("The court is not a repository for evidence the plaintiff may need to present in the future."); *Perez v. Junious*, No. 14-458, 2014 WL 7012370, at *4 (E.D. Cal. Dec. 11, 2014) (explaining that the court is not a repository for the parties' evidence, and that evidence need not be submitted until it is necessary to resolve a motion); *Wilson v. City of Selma*, No. 11-478 2012 WL 3263752, at *5 n.7 (S.D. Ala. July 17, 2012) (explaining that the court is not a repository for evidence, and that evidence is "typically" filed with the court "at summary judgment or at trial."); *Chapman v. Raemisch*, 2008 WL 2961721, at *1 (E.D. Wis. July 31, 2008) ("The court is not a repository for medical records. Rather, both plaintiff and defendant will have the opportunity to present pertinent portions of plaintiff's medical records to me. Those opportunities must be consistent with the Federal Rules of Evidence and Federal Rules of Civil Procedure,

require review of evidence.[18] Unless necessary to resolve a pending motion, Plaintiff shall not file any additional evidence with the Court at this time without first obtaining leave to do so. Failure to comply will result in information being stricken from the Court record without further notice.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment, filed by Plaintiff Kevin H. Dukes as part of his first Amended Complaint, is **DENIED WITHOUT PREJUDICE** as premature and procedurally defective, as explained above.[19] Plaintiff may refile a summary judgment motion, after the Court rules on the pending Motion to Dismiss, after Defendant Ally Bank Corp. has answered the lawsuit, and after the parties have engaged in discovery.

**IT IS FURTHER ORDERED** unless necessary to resolve a pending motion, Plaintiff shall not file any additional evidence with the Court at this time without first obtaining leave to do so. Furthermore, Plaintiff must seek leave of Court before filing additional amended complaints and must also seek Ally's consent before the filing of any motion to amend or to add parties as required by Local Civil Rule 7(e).

---

and will come either in support of or in opposition to dispositive motions, or at trial, if this case is not resolved on a dispositive motion.").

[18] To the extent that the Motion to Dismiss attaches documents that are referenced in Plaintiff's second Amended Complaint, they are properly considered in the resolution of that Motion as part of the pleadings and central to Plaintiff's claims. *See Causey v. Sewell Cadillac–Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." (citing *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498–99 (5th Cir. 2000))).

[19] R. Doc. 7.

5

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send a copy of this Order by regular and certified mail to Plaintiff Kevin H. Dukes at his address of record on PACER.

Rouge Baton Rouge, Louisiana on the 12th day of December, 2025.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**