# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KEVIN HEWITT DUKES**                                      **CIVIL CASE NO.**

**VERSUS**                                                          **25-750-SDD-EWD**

**ALLY FINANCIAL, INC.**

## <u>ORDER</u>

Before the Court is the opposed Motion for Leave to File Second Amended Complaint[1] ("Motion"), filed by Kevin H. Dukes ("Dukes" or "Plaintiff"). The Motion will be granted for the reasons that follow.

On August 19, 2025, this case was removed from Louisiana state court by Ally Bank Corp.[2] ("Ally") on the basis of federal question subject matter jurisdiction.[3] In his state court Petition for Damages, Fraud on the Court, Consumer Rights Violations, and Request for Summary Judgment, Plaintiff, who is representing himself (*pro se*), originally alleged that Ally violated the Fair Credit Reporting Act, 15 U.S.C. § 1681; the Truth in Lending Act, 15 U.S.C. § 1601; and Louisiana law. Plaintiff's claims arise out of an auto loan Plaintiff obtained from Ally, Ally's subsequent state court proceedings against Plaintiff attempting to seize the vehicle, and Ally's reporting of the judgment in that case to credit bureaus.[4]

---

[1] R. Doc. 31. Documents in the Court record are referred to as "R. Doc. __."

[2] In the Notice of Removal, Ally alleges that it is improperly named by Plaintiff as "Ally Financial Inc." R. Doc. 1, p. 1.

[3] R. Doc. 1, ¶¶ 7, 11-12.

[4] R. Doc. 1-1, pp. 1-3.  In this case, Dukes asserts similar claims against Ally to those he previously raised in *Kevin Dukes v. Acadiana Mazda, et al.*, Case No. 22-794 (M.D. La. Oct. 12, 2022), R. Doc. 1 (Complaint).  Plaintiff's claims in that case were dismissed without prejudice upon the granting of Ally's Motion to Dismiss, and a Motion to Dismiss filed by Ally's co-defendants, both of which were unopposed by Plaintiff.  *See* R. Doc. 26 on that docket. Because of the similarities in the two cases, this case was re-assigned to the same judges pursuant to Local Civil Rule 3(b). R. Doc. 10.

K. Dukes by regular and by certified mail return receipt requested no. 7020 0640 0001 4750 5654

About a week after removal, Plaintiff filed a Verified Complaint for Damages, Injunctive and Declaratory Relief, and Motion for Summary Judgment ("Amended Complaint"). The Amended Complaint asserts similar facts and claims, as well as several additional causes of action, *e.g.* violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *etc*.[5] As noted in a prior Order,[6] Plaintiff was permitted to file the Amended Complaint without seeking leave of court because it was filed shortly after removal, and was considered Plaintiff's one amendment as a matter of course under Fed. R. Civ. P. 15(a)(1)(A), in light of Plaintiff's *pro se* status.

On September 23, 2025, Plaintiff filed another amended complaint, the "Amended Petition for Damages, Fraud on the Court, and Declaratory Relief," ("Second Amended Complaint") re-asserting many of the same facts and claims, which failed to seek leave of Court or Ally's consent under Rule 15(a)(2).[7] Ally responded to Plaintiff's Second Amended Complaint with a Motion to Dismiss.[8] Plaintiff opposed the Motion to Dismiss. In the alternative, Plaintiff requested leave to amend his complaint to cure any deficiency.[9] About a month later, Plaintiff filed the Motion, seeking leave to file another amended complaint pursuant to Rule 15(a)(2). Plaintiff seeks leave to further amend his complaint to clarify and expand the factual allegations regarding the December 18, 2021 transaction at issue; to set out separate counts of Plaintiff's claims under TILA, the FCRA, Louisiana contract and fraud law and related statutes; and to address the pleading issues

---

[5] R. Doc. 7.

[6] R. Doc. 28.

[7] R. Doc. 14. Local Civil Rule 7(e) also requires a certification stating the position of any party having an interest to oppose a motion to amend pleadings. The required 7(e) certificate was not included with Plaintiff's Second Amended Complaint.

[8] R. Doc. 20. Ally also filed a Motion to Stay Discovery and Deadlines, seeking to stay all deadlines and discovery while its Motion to Dismiss is pending. R. Doc. 22. The Motion to Stay's request to stay deadlines was mooted by the cancellation of the scheduling conference (in light of the Motion to Dismiss), and no deadlines are currently in effect. R. Doc. 27. The Motion to Stay's request to stay discovery is still pending.

[9] R. Doc. 21, p. 2.

raised in Ally's Motion to Dismiss and reply in support, as well as the concerns identified in the Court's December 12, 2025 Order.[10] Ally opposes the Motion, arguing that Plaintiff should not be granted leave to file yet another amended complaint because he has already filed multiple complaints, as well as a prior lawsuit asserting the same claims as to the same vehicle, and because the proposed amendments are futile.[11]

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." A court should consider the following five factors to determine whether to grant a party leave to amend a complaint under Rule 15: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[12] Absent any of these factors, the leave sought should be freely given. The Court has "virtually unlimited discretion" to allow amendments before judgment.[13]

The balance of the Rule 15 factors is close but favors amendment. Here, Plaintiff timely filed the Motion, as there are no scheduling order deadlines currently in place, and Plaintiff did not unduly delay in seeking leave to amend. Plaintiff's opposition to the Motion to Dismiss alternatively requests amendment and was filed less than a month after the Motion to Dismiss, and the current Motion seeking amendment was filed less than two months after the Motion to Dismiss.[14] While Plaintiff has already filed two amended complaints, the proposed amended

---

[10] R. Doc. 31, pp. 1-2. Although Plaintiff characterizes this as a request to file a second amended complaint, this would be the third amended complaint.

[11] R. Doc. 32.

[12] *Smith v. EMC Corp*, 393 F.3d 590, 595 (5th Cir. 2004), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (other citations omitted).

[13] *Jacobs v. Reno*, 208 F.3d 1006, n.2 (5th Cir. 2000) (citing 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1489 (1990).

[14] R. Docs. 21, 31.

complaint is the first to be filed in response to Ally's arguments raised in the Motion to Dismiss and the Court's December 12, 2025 Order. According to Plaintiff further amendment is sought to clarify facts and to correct deficiencies, which is a good faith basis for amendment. As a pro se litigant, Plaintiff should be permitted to address, and potentially cure, the alleged deficiencies in his claims noted by Ally. Further, allowing Plaintiff to amend now is more efficient because it will eliminate the need to consider further amendment in connection with any future Motion to Dismiss. Pursuant to Local Civil Rule 12,[15] Ally's current Motion to Dismiss will be terminated without prejudice to re-urging in response to the Second Amended Complaint. However, Ally is not *unduly* prejudiced by the amendment because Ally has already presented arguments as to why the requested amendments are futile in opposition to the Motion and can reassert those arguments in another Motion to Dismiss.[16]

As detailed above, it is undisputed that Plaintiff has already filed two amended complaints. By this Order, Plaintiff will be permitted to file his Second [sic, Third] Amended Complaint. However, no further amended complaints or exhibits relating to the Second Amended Complaint will be allowed, nor will further amendment be considered on any reurged motion to

---

[15] "If the Court grants leave to allow a party to file an amended complaint while a motion to dismiss pursuant to Fed. R. Civ. P. 12 is pending, the Clerk will terminate the pending motion to dismiss without prejudice to the party to refile if grounds exist therefor based upon the allegations contained in the amended complaint."

[16] *See Louisiana v. Bank of Am. Corp.*, No. 19-638, 2020 WL 3966875, at *4 (M.D. La. July 13, 2020) (rejecting defendant's claim of undue prejudice in having to file another motion to dismiss after amendment, stating "Because much of the work already done by these Defendants 'can likely be resubmitted with minimal additional expenses and effort,' the Court does not find any undue prejudice. *Molina [v. Caliber Home Loans, Inc.],* 2016 WL 3660621, at *5 [N.D. Tex. March 15, 2016]; *see also Block v. First Blood Associates*, 988 F.2d 344, 251 (2d Cir. 1993) (expenditure of additional 'time, effort and money' does not alone rise to the level of undue prejudice warranting the denial of leave to amend); *Galvan v. First Vehicle Servs., Inc.*, 2020 WL 1166857, at *4 (D. Colo. Mar. 11, 2020) ('And while defendant has already filed a motion to dismiss, any prejudice to defendant is slight because it will be able to file substantially similar briefing in response to the amended complaint.'); *Faircloth v. Hickenlooper*, 2019 WL 1002935, at *3 (D. Colo. Mar. 1, 2019) ('Although the Opposing Defendants point out that their motions to dismiss are already fully briefed, given that the [same] claims [are] asserted against them in the Proposed Third Amended Complaint ... any prejudice ... is slight because they will be able to file substantially similar briefing in response to the Proposed Third Amended Complaint.')").

dismiss, since Plaintiff has had multiple opportunities to assert his claims. Although a pro se litigant, Plaintiff is not entitled to unlimited opportunities to adequately allege his claims.[17]

Accordingly,

**IT IS ORDERED** that the Motion for Leave to File Second Amended Complaint,[18] filed by Plaintiff Kevin H. Dukes, is **GRANTED**. The Clerk of Court is directed to docket the Second Amended Complaint for Damages, Rescission, Consumer Credit Violations and Declaratory and Injunctive Relief (Jury Demand),[19] as well as the attached exhibits.[20]

**IT IS FURTHER ORDERED** that the Motion to Dismiss,[21] filed by Ally Bank Corp, (incorrectly named as Ally Financial, Inc.), is **TERMINATED WITHOUT PREJUDICE** to re-urging pursuant to Local Civil Rule 12.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send a copy of this Order by regular and certified mail to Plaintiff Kevin H. Dukes at his address of record on PACER.

Signed in Baton Rouge, Louisiana, March 25, 2026.

_____
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] *See Johnson v. St. Helena School District,* No. 21-622, 2022 WL 3009132, at *4, n.26 (M.D. La. July 6, 2022) (citations omitted).

[18] R. Doc. 31.

[19] R. Doc. 31-1.

[20] R. Doc. 31-1, pp. 16-17 (exhibit list) and R. Docs. 31-2 through 31-6.

[21] R. Doc. 20.

5